IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Janet L. Johnson,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No._____ |
| v. | § | |
| | § | |
| **Dow Chemical Company,** | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, Janet Johnson, filing her Original Complaint complaining of Defendant, Dow Chemical Company, and in support thereof would show as follows:

**I.
JURISDICTION, PARTIES AND VENUE**

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to (i) 42 U.S.C. §1981, (ii) Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), (iii) and the Age Discrimination In Employment Act ("ADEA").

2. Janet L. Johnson currently resides in Missouri City, Texas. Plaintiff is African-American. As such, she is protected by 42 U.S.C. §1981 and Title VII. Too, Plaintiff is currently fifty-nine (59) years old, as such she is protected by the Age Discrimination In Employment Act. Plaintiff was at all relevant times an employee within the meaning of the aforementioned applicable statutes.

3. Dow Chemical Company operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of the aforementioned applicable statutes.

4. Dow Chemical Company engaged in an industry affecting commerce and employed more than five hundred (500) regular employees.

5. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas. Venue is appropriate in the Southern District of Texas.

**VICARIOUS LIABILITY--RESPONDEAT SUPERIOR**

6. Whenever in this complaint it is alleged that Defendant Dow Chemical Company did any act or thing, it is meant that Defendant Dow Chemical Company's supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of Defendant Dow Chemical Company or was done in the normal and routine course and scope of employment of Defendant Dow Chemical Company's supervisors, agents, servants, employees, or representatives.

7. The acts of management were performed while in the employment of Defendant Dow Chemical Company, to further Defendant Dow Chemical Company's business, to accomplish the objective for which these supervisory employees were hired, and within the course and scope of that employment or within the authority delegated to these employees. They were given supervisory authority over Plaintiff. As such, they were given complete day-to-day control over the work conditions, duties, and all other aspects of Plaintiff's employment.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on or about August 24, 2015. In that Charge, No. 460-2014-03491, and any amendments and/or attachments thereto, Plaintiff asserted that Defendant discriminated against her because of her race and age.

9.      The EEOC concluded its investigation and issued Plaintiff a right-to-sue letter.

10.     Plaintiff was forced to file this suit in order to protect her employment rights. Plaintiff has exhausted her administrative remedies and file this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

11.     Plaintiff is a fifty-nine (59) year old African-American who has worked for Dow Chemical Company for about twenty-seven (27) years. Ms. Johnson remains a Dow Chemical Company employee.

12.     In 1988, Plaintiff began employment as an apprentice operator. Plaintiff was promoted to Training Coordinator. From there, she has worked as a Coach and an Operation Discipline Management System ("ODMS") Coordinator.

13.     Plaintiff observed that there was a difference in the way that African-Americans and older employees were treated.

14.     Plaintiff recalls meeting with Production Leader, Casey Rhodes, wherein he gave zero eye contact to her unlike the patently comfortable ease he exhibited with the other Anglo males in the room. This became the norm for how Mr. Rhodes treated women versus men and minorities versus Anglos; minorities were invisible to him.

15.     In or about December 2014, Mr. Rhodes met with a group of about 25-30 people. His visual presentation deliberately left off Plaintiff's contributions and no other person's.

16.     During the latter part of 2014, Plaintiff made numerous complaints with Human Resources, Leavon Robinson, about the unfair treatment of African-Americans including her own plight.

17.     In the spring of 2015, Plaintiff attended a meeting wherein Mr. Rhodes openly offended older workers. An older employee is said to have taken a fall while bicycling and fractured his elbow. Mr. Rhodes made a public spectacle of said employee's age. "I'm not into age discrimination or anything but when are you guys going to stop?"

18.     A month later, another comment was made interjecting age into the workplace. There was open dialogue about another employee "coming to the end of his career." It was dismissive of the employee because of his aging status.

19.     Plaintiff made it clear to Mr. Rhodes that she was offended by several age-related comments in their department including those uttered by him. Mr. Rhodes dismissed her concerns and acknowledged that he was an "asshole."

20. Plaintiff confided in Leader of the Organizational Effectiveness Mayra Cochran about Mr. Rhodes' anti-minority animus. She made additional outcry to human resources. Plaintiff even called the 800-Dow hotline. Plaintiff's claims of discrimination and harassment remain unresolved.

21. Only after Plaintiff's complaints of discrimination did managers complain that she was not performing satisfactory.

22. Plaintiff has been subjected to unequal terms and conditions after making such complaints.

23. Plaintiff began showing signs of extreme stress and anxiety. Her high blood pressure has been dangerously elevated. Too and because of said anxiety, her performance at work require more concentrated effort.

24. Plaintiff believes that she has been discriminated against because of her race and age in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 and the ADEA.

## IV.
## CAUSES OF ACTION

**A.  RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981 and TITLE VII**

25. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

26. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of 42 U.S.C. §1981 and Title VII, by intentionally interfering with Plaintiff's work performance because of her race.

27. This intentional interference consisted of discrimination of a continuous nature.

28. Defendant, through its agents, supervisors, or employees discriminated against Plaintiff, which led to the loss and impairment in whole or part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

29. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

### B. AGE DISCRIMINATION PURSUANT TO ADEA

30. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

31. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of Title VII, by intentionally interfering with Plaintiff's work performance and experience because of her age.

32. This intentional interference consisted of discrimination of a continuous nature.

33. Defendant, through its agents, supervisors, or employees discriminated against Plaintiff, which led to the loss and impairment in whole or part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

34. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

### C. RETALIATION PURSUANT TO ADEA, TITLE VII AND 42 USC §1981

35. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporate the same by reference as though fully set forth herein.

36. After complaining to management of protected activity, Plaintiff was subsequently and repeatedly harangued, ignored, and disciplined.

37. As herein alleged, Defendant illegally retaliated against Plaintiff because she opposed discrimination and complained of same. Defendant had no legitimate business reasons for any of such acts. Each act of retaliation is in violation of the ADEA, 42 U.S.C. §1981 and Title VII anti-retaliation provisions.

38. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against them, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

39. The above-described acts on Defendant's part were undertaken in violation of the ADEA, 42 U.S.C. §1981 and Title VII and proximately caused Plaintiff substantial injuries and damages.

## V.
## JURY DEMAND

40. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

41. Defendant's conduct constitutes violations of statutory law. Such unlawful conduct seriously affects Plaintiff in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies, and procedures of Defendant. Accordingly, Plaintiff seeks all general, special, incidental, compensatory, punitive, and consequential damages in an amount to be proved at trial.

42. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent her in these causes of action Plaintiff have agreed to pay her attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

43. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages as shall be proven at trial.

44. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of race and age.

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e. Reasonable attorneys' fees, with conditional awards in the event of appeal;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

*/s/ Katrina Patrick*

_____
**Katrina Patrick**
State Bar No. 00797218
Federal Bar No. 22038
**Law Offices of Katrina Patrick**
2800 Post Oak Blvd., Suite 4100
Houston, Texas  77056
713-796-8218 (Office)
832-390-2499 (Facsimile)

**ATTORNEY FOR PLAINTIFF**